983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas A. BROOK, Acting Director, Office of Personnel
Management, Petitioner,
v.
Cathryn A. NAZELROD and Merit Systems Protection Board, Respondents.
 Misc. No. 350.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1992.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Acting Director of the Office of Personnel Management (OPM) petitions for review of the decision of the Merit Systems Protection Board ordering the Federal Bureau of Prisons to cancel the demotion of Cathryn A. Nazelrod. Nazelrod opposes. The Board has entered an appearance, but has not filed a response.
 
 
 2
 On March 23, 1989, the Bureau of Prisons issued a notice of proposed removal to Nazelrod on the basis of two theft charges and two charges of failure to carry out work assignments. The first theft charge stated:*
 
 Charge 1. Theft
 
 3
 The specification in support of this charge is:
 
 
 4
 On approximately Oct. 25, 1988, you took $10.00 from an inmate's envelope in the institution mail room. You used this money for lunch. You admitted this to Mr. Craig Unger, Office of Inspections, on March 16, 1989.
 
 
 5
 In a written statement Nazelrod admitted taking the money, stating that she replaced it the following day and posted it to the inmate's account.
 
 
 6
 On June 23, 1989, the Bureau issued its final decision. The warden found the charges sustained and supported by evidence, but determined to demote Nazelrod from her GS-7 position to a GS-5 position in lieu of removal.
 
 
 7
 Nazelrod appealed the demotion to the Board. The Administrative Judge (AJ) sustained the theft charge determining that Nazelrod had admitted in a written statement that she took the $10.00 and that her statement was not coerced by the investigator and, therefore, was voluntary. The AJ concluded:
 
 
 8
 The appellant's admission constitutes an admission that she committed a theft. The agency chose to charge the appellant with committing the criminal offense of theft. The Board has held that when an agency chooses the foregoing process, it is necessary to determine whether or not the agency has proven all the elements of the crime ... The criminal intent inherent in the charge of theft of property requires that the agency show that the employee intended to appropriate the property to a use inconsistent with the owner's rights and benefits.
 
 
 9
 On petition for review to the Board, the Board reversed the initial decision and ordered the Bureau to cancel Nazelrod's demotion. The Board stated that if an agency chooses to charge an employee with theft, it must prove the elements of the crime of common law larceny. While acknowledging that there had been some confusion in the area, the Board held that the agency had to prove an intent to permanently deprive the owner of the possession or use of his or her property. Because Nazelrod returned the money the next day, the Board determined that the requisite intent was not shown.
 
 
 10
 OPM petitioned the Board for reconsideration arguing that an agency does not have to prove the elements of a crime when it takes an adverse action based on conduct that otherwise might constitute a crime; it only has to give an employee fair notice of the misconduct charged. The Board denied the petition for reconsideration. OPM filed the instant petition for review.
 
 
 11
 Pursuant to 5 U.S.C. § 7703(d), OPM may petition this court for review when it determines that the Board erred in its decision and that the decision will have a substantial impact on the administration of the civil service system. It is incumbent upon OPM to demonstrate here that the decision will have the requisite substantial impact. Devine v. Sutermeister, 724 F.2d 1558, 1562 (1983). The granting of an OPM petition for review is at the discretion of this court, 5 U.S.C. § 7703(d). It is our duty to assess independently whether an exercise of our discretion is warranted because the Board decision will have a substantial impact on civil service law. Sutermeister, 724 F.2d at 1562.
 
 
 12
 OPM argues that the infusion of criminal law standards into federal personnel matters is inconsistent with the policies behind the Civil Service Reform Act. OPM maintains that the Civil Service Reform Act permits discipline where preponderant evidence shows that an employee engaged in misconduct and an agency's action promotes the efficiency of the service without regard to whether that misconduct might also constitute a criminal offense.
 
 
 13
 We agree with OPM that this is a matter that could have a substantial impact on how civil service laws, rules, and regulations are interpreted in the future. Sutermeister, 724 F.2d at 1562. We note that a body of Board law has been developing over the past decade, culminating with this case, that requires that an agency prove all of the elements of the charged "crime." The issue is important to agencies in matters of notice and proof in disciplinary actions. Finally, we note that the Board has not opposed OPM's petition.
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 OPM's petition for review is granted.
 
 
 
 *
 Only the first theft charge is at issue here. The remaining charges were either dropped by the Bureau or not sustained by the Board